IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GREGORY A. CLAYBON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:16-cv-2479-K-BN |
| | § | |
| STATE OF TEXAS, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Gregory A. Claybon, proceeding *pro se*, has filed an application for

writ of habeas corpus under 28 U.S.C. § 2254. *See, e.g.,* Dkt. No. 3 at 1 ("I wish to

submit my application for leave to appeal my [state criminal] case[s] in this court.").

For the reasons explained below, the habeas application should be dismissed pursuant

to Rule 4 of the Rules Governing Section 2254 Cases, because, as Claybon is currently

not "in custody" under the state convictions and sentences he wishes to challenge, the

Court lacks subject-matter jurisdiction.

**Applicable Background**

Claybon has challenged his state convictions and sentences in this Court (and

in the state courts) on multiple occasions. As the Court recounted in 2011,

> [i]n 1993, plaintiff pled guilty to two counts of indecency with a child.
> Punishment was assessed at 10-years confinement, probated for five
> years, and a $300 fine in each case. The state subsequently filed four
> different motions to revoke plaintiff's probation. Plaintiff pled true to all
> four motions, but was continued on probation. After another probation
> violation, the trial court revoked plaintiff's probation and sentenced him

-1-

to concurrent 10-year prison terms. His convictions and sentences were affirmed on direct appeal. *Claybon v. State*, Nos. 05-00-00116-CR & 05-00-00117-CR, 2001 WL 200122 (Tex. App. – Dallas, Mar. 1, 2001, pet. ref'd). Plaintiff also filed multiple applications for state and federal post-conviction relief. The state writs either were denied without written order, dismissed for abuse of the writ, or unfiled. *Ex parte Claybon*, WR-49,534-02 & 49,534-03 (Tex. Crim. App. Sept. 15, 2004); *Ex parte Claybon*, WR-49,534-05 & 49,534-06 (Tex. Crim. App. Oct. 26, 2005); *Ex parte Claybon*, WR-49,534-08 & 49,534-09 (Tex. Crim. App. Mar. 1, 2006); *Ex parte Claybon*, WR-49,534-11 & 49,534-12 (Tex. Crim. App. Oct. 25, 2006); *Ex parte Claybon*, WR-49,534-13 & 49,534-14 (Tex. Crim. App. Dec. 5, 2007); *Ex parte Claybon*, WR-49,534015 & 49,534-16 (Tex. Crim. App. Jul. 23, 2008); *Ex parte Claybon*, WR-49,534-17 & 49,534-18, 2009 WL 1076731 (Tex. Crim. App. Apr. 22, 2009); *Ex parte Claybon*, WR-49,534-19 & 49,534-20 (Tex. Crim. App. Jun. 3, 2009); *Ex parte Claybon*, WR-49,534-21 (Tex. Crim. App. Nov. 11, 2010); *Ex parte Claybon*, WR-49,534-22 (Tex. Crim. App. Dec. 8, 2010). Two federal writs were dismissed without prejudice for failure to exhaust state remedies. *Claybon v. Bowles*, No. 3:01-cv-0458-L, 2001 WL611171 (N.D. Tex. May 31, 2001); *Claybon v. Cockrell*, No. 3:01-cv-1684-P, 2002 WL 1285261 (N.D. Tex. June 4, 2002). One federal writ was denied on the merits. *Claybon v. Dretke*, No.3:04-cv-2141-M, 2005 WL 195424 (N.D. Tex. Jan.27, 2005), *rec. adopted*, 2005 WL 475548 (N.D. Tex. Feb. 25, 2002). Three federal writs were either dismissed as successive or transferred to the Fifth Circuit. *Claybon v. Quarterman*, No. 3:06-cv-2019-L (N.D. Tex. Dec. 12, 2006), *auth. for leave to file succ. writ denied*, No. 06-11354 (5th Cir. Feb. 9, 2007); *Claybon v. Quarterman*, No. 3:07-cv-0546-L, 2007 WL 1266068 (N.D. Tex. Apr. 27, 2007), *auth. for leave to file succ. writ denied*, No. 08-10065 (5th Cir. Mar. 13, 2008); *Claybon v. Thaler*, No. 3:11-cv-0135-O-BD, 2011 WL 768791 (N.D. Tex. Feb. 8, 2011), *rec. adopted*, 2011 WL 768757 (N.D. Tex. Mar.2, 2011).

*Claybon v. Dallas Cnty. Dist. Attorney's Office*, No. 3:11-cv-0477-K-BD, 2011 WL 1103732, at *1 (N.D. Tex. Mar. 10, 2011), *rec. adopted*, 2011 WL 1085260 (N.D. Tex. Mar. 22, 2011) (footnote omitted), *auth. for leave to file succ. writ denied*, No. 11-10301 (5th Cir. May 3, 2011).

Release from state custody has not deterred Claybon's attempts to challenge these state convictions and sentences. In 2015, from the same free-world address

associated with his current habeas application, Claybon filed a Section 2254 application, and, in that proceeding, he also provided verified responses to the Court's questionnaire confirming "that he is no longer in custody on [his state] convictions, having discharged the sentences and being required only to register as a sex offender." *Claybon v. Dallas Cnty. Crim. Dist. Ct. No. 1*, No. 3:15-cv-4046-L-BK (N.D. Tex.), Dkt. No. 8 at 1 (citing *id.*, Dkt. No. 7 at 2). The Court dismissed that action for lack of subject-matter jurisdiction. *See id.*, Dkt. Nos. 8, 9, & 10.

## Legal Standards

A federal court lacks subject-matter jurisdiction to entertain a Section 2254 action if, at the time the habeas petition is filed, the prisoner is not "in custody" under the conviction and sentence he seeks to attack. *See* 28 U.S.C. § 2254(a); *Hendrix v. Lynaugh*, 888 F.2d 336, 337 (5th Cir. 1989). A prisoner need not be physically confined to be "in custody" for the purposes of Section 2254. But, "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Maleng v. Cook*, 490 U.S. 488, 492 (1989); *see also Hendrix*, 888 F.2d at 337-38 (adverse consequences of expired sentence, including possibility that conviction may be used to impeach future testimony and enhance future punishment, held insufficient to satisfy the "in custody" requirement of Section 2254).

Under Rule 4 of the Rules Governing Section 2254 Cases, a district court may summarily dismiss a 28 U.S.C. § 2254 habeas application "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled

to relief in the district court." *Id.*

> This rule differentiates habeas cases from other civil cases with respect to *sua sponte* consideration of affirmative defenses. The district court has the power under Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. This power is rooted in "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer."

*Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting 28 U.S.C. foll. § 2254 Rule 4 Advisory Committee Notes).

## Analysis

Just as this Court recognized in 2015, any continuing obligation to register as a sex offender due to Claybon's now-expired sentences does not revive those convictions for the purpose of challenges them under Section 2254. *Cf. Barrientos v. Dallas Cnty. Dist. Attorney's Office*, No. 3:12-cv-4753-O-BN, 2013 WL 1499382, at *2 (N.D. Tex. Jan. 18, 2013), *rec. adopted*, 2013 WL 1501623 (N.D. Tex. Apr. 12, 2013) ("Although Petitioner's present confinement for failure to register as a sex offender would not have been possible without the underlying indecency convictions, that fact is insufficient to provide subject matter jurisdiction over his challenge to the 2006 convictions." (citing *Tello v. Thaler*, No. 3:12-cv-3716-L-BH, 2012 WL 4932172, at *1-*2 (N.D. Tex. Sept. 14, 2012), *rec. adopted*, 2012 WL 4930085 (N.D. Tex. Oct. 17, 2012))).

Further, where a petitioner is not "in custody" under the conviction and sentence he seeks to collaterally attack, the Court possesses the authority under Rule 4 to summarily dismiss the habeas application for lack of subject-matter jurisdiction. *See, e.g., Brown v. Wenerowicz*, Civ. A. No. 13-430, 2013 WL 2404152 (W.D. Pa. May 31,

2013); *Yuen v. Lee*, No. 3:09CV-P919-S, 2010 WL 299277 (W.D. Ky. Jan. 19, 2010).

And, to the extent that Claybon's custodial status has changed since 2015 – a fact that is not consistent with the record now before the Court – Claybon may address that issue in any objections to these findings, conclusions and recommendation.

## Sanction Warning

"[T]he judicial system is generally accessible and open to all individuals." *Kaminetzky v. Frost Nat'l Bank of Houston*, 881 F. Supp. 276, 277 (S.D. Tex. 1995). But "district courts have an obligation to protect the orderly administration of justice and prevent abuse of the court's process by frivolous and vexatious litigants[, which means *p]ro se* litigants have 'no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets.'" *Ruston v. Dallas County, Tex.*, No. 3:07-cv-1076-D, 2008 WL 958076, at *2 (N.D. Tex. Apr. 9, 2008) (quoting *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986)); *see also McCampbell v. KPMG Peat Marwick,* 982 F. Supp. 445, 448-49 (N.D. Tex. 1997) (discussing sanctions available to deter and punish *pro se* litigants for abusing the judicial system).

In light of Claybon's history of filing unauthorized successive collateral attacks of his state convictions and sentences in this Court (set out above), the Court should warn Claybon that filing future collateral attacks concerning these convictions and sentences without first obtaining leave to file from the United States Court of Appeals for the Fifth Court of Appeals will subject him to a $100 fine. *Cf. Sims v. Thaler*, No. 3:12-cv-5152-G-BK, 2013 WL 466416, at *2 (N.D. Tex. Jan. 7, 2013) (recommending

that because a habeas petitioner abused the judicial system that he be barred from filing in this Court any motions for reconsideration or to set aside judgment and any successive habeas applications unless the filing is accompanied by a motion for leave to file), *rec. adopted*, 2013 WL 462302 (N.D. Tex. Feb. 6, 2013) (imposing recommended sanction).

## Recommendation

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court should dismiss Claybon's 28 U.S.C. § 2254 habeas application for lack of subject-matter jurisdiction and also warn Claybon as set out above.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 29, 2016

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE